# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5463 | **DATE** | 8/22/2002 |
| **CASE TITLE** | Robinson et al vs. State of Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny defendants' motion for a new trial or, in the alternative, remittitur of the awards of the jury and the court [162-1]. We also deny plaintiffs' request for the entry of further equitable relief [133-1]. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

Date docketed: AUG 2 8 2002

Document Number: 172

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Brian Robinson, R.J. Harvey, Dennis )
Wells and Robbie Clark as )
Representative of Ralph King, deceased, )
)
    Plaintiffs, ) No. 97 C 5463
)
v. ) Wayne R. Andersen
) District Judge
State of Illinois Office of Banks and )
Real Estate and William A. Darr, )
Commissioner, in his official capacity, )
)
    Defendants. )

DOCKETED

AUG 2 8 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of defendants for a new trial or, in the alternative, remittitur of the awards of the jury and the court. Also before the court is plaintiffs' request for the entry of further equitable relief. For the following reasons, we deny defendants' motion for a new trial and/or remittitur, and we deny plaintiffs' request for further equitable relief.

## BACKGROUND

This case was brought by four employees of the State of Illinois Office of Banks and Real Estate ("OBRE"), who alleged that they were discriminated against because of race in various ways and retaliated against when they complained of discrimination. A jury trial was held over four weeks in October and November 2001. The claims of plaintiff Dennis Wells were dismissed on defendants' motion at the close of plaintiffs' case. The jury returned a verdict in favor of defendants on plaintiff Brian Robinson's claims. The jury returned a

172

verdict in favor of plaintiffs Renard Harvey and Ralph King and granted compensatory

damages in favor of these plaintiffs as follows:

> $100,000 on Harvey's claim that his position was unlawfully
> reclassified from a Senior Public Service Administrator to a
> Public Service Administrator;
> $100,000 on King's claim that he was not selected for the
> position of Assistant Director, Information Systems Division in
> 1997 because of his race;
> $50,000 on King's claim that he was not selected for the position
> of Assistant Director in 1998 because of his race;
> $100,000 on King's claim that because of his race, he was
> discriminated against in his 1997 performance evaluation, when
> he was rated as "Accomplished" rather than as "Exceeds
> Expectations;" and
> $50,000 on King's claim that he also was retaliated against in
> connection with his 1997 evaluation and "related salary effect."

In addition, the court awarded back pay to the prevailing plaintiffs as follows:

> $30,000 to Harvey on his reclassification claim; and
> $4,170 to King in connection with his 1997 performance evaluation.

## DISCUSSION

### I. Defendants' Motion For A New Trial And/Or Remittitur

In their motion for a new trial and/or remittitur, defendants challenge amounts awarded

by the jury and the court to plaintiffs King and Harvey on their successful claims.

A new trial may be granted when the verdict is against the weight of the evidence, the

damages are excessive, or the trial was not fair to the moving party. *See McNabola v.

Chicago Transit Authority, 10 F.3d 501, 515-16 (7th Cir. 1993).* In this Circuit, a court

makes three inquiries with regard to the appropriateness of compensatory damages awards: a)

whether the award is "monstrously excessive;" b) whether a rational connection exists between

the award and the evidence; and c) whether the award is roughly comparable to awards made

2

in similar cases. *Worth v. Tyler*, 276 F.3d 249, 268-69 (7th Cir. 2001); *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1285-86 (7th Cir. 1995). In analyzing such a motion, the court must view the evidence in the light most favorable to the prevailing party, and the court cannot set aside the jury verdict if a reasonable basis exists in the record to support the jury's verdict. *Allison v. Ticor Title Ins. Co.*, 979 F.2d 1187, 1196 (7th Cir. 1992).

### A. Plaintiff King

Defendants dispute the compensatory damages awarded to King ($100,000) in connection with his claim that he was not promoted to the Assistant Director position in 1997 because of his race. Defendants assert that the award should be reduced to no more than $1,000 because the court did not award King back pay in connection with this claim. In addition, King brought two other claims relating to his 1997 performance evaluation that are linked to his 1997 promotion claim: one claim for race discrimination and one for retaliation. The jury concluded that defendants acted with discriminatory and retaliatory intent in connection with this evaluation and awarded King $100,000 in compensatory damages on his claim for discrimination and $50,000 in compensatory damages on his claim for retaliation. Defendants challenge these awards, claiming that they are monstrously excessive, unsupported by the evidence and out of line with other cases.

At trial, substantial evidence was presented regarding the severe effects that defendants' conduct had on King. Because of his death, King's testimony was presented by way of his deposition transcript. In this testimony, King described a series of mental and physical effects from defendants' conduct. Based upon this testimony and other evidence from the trial, the jury's awards of compensatory damages to King are firmly grounded in the

3

record.

First, with respect to King's 1997 promotion claim, there is evidence in the record to support the jury's award. King wrote a May 7, 1997 memo to the EEOC which describes his disillusionment with the Agency's decision to deny him the position. Moreover, the evidence showed that, by virtue of this decision, King was denied the opportunity to perform job duties involving greater supervisory and managerial functions. The denial of this opportunity caused mental distress to King. Therefore, substantial evidence exists to support the jury's verdict regarding King's 1997 promotion claim.

Defendants also challenge the award of $4,170 in back pay that the court directed with respect to King's 1997 performance evaluation claims. At OBRE, performance ratings are directly correlated to salary levels and raises. Defendants argue that the award should be vacated because there is no basis to conclude that King was performing at a higher level in light of Assistant Commissioner Clarke's testimony about King's performance. This argument is without merit because the jury rejected Clarke's testimony about King's performance when it concluded that the defendants were liable for discriminatory and retaliatory evaluations. The jury's finding that Clarke's testimony about King's performance should be rejected and that King's testimony should be accepted was a credibility determination. Thus, we see no need to upset King's back pay award of $4,170.

Defendants also claim that the jury's award of $50,000 to King in compensatory damages for defendants' second discriminatory denial of a promotion to King (the SPSA Assistant Director position in 1998) should be vacated or reduced to no more than $1,000. In support of this claim, defendants rehash their argument on the merits that King's claim should

4

have been dismissed because he did not want to move to Springfield. This argument was rejected by the jury as demonstrated by the verdict. The jury believed that King hesitated to move to Springfield because of the lack of support he perceived that he would receive from management. Therefore, we decline to reduce this award.

The other arguments that defendants make with respect to this award merely reargue its claims about the supposedly "minimal" evidentiary support for King's emotional distress and the absence of an award of back pay. For these reasons, we decline to reduce the amount of the award to plaintiff King.

### B. Plaintiff Harvey

Defendants also claim that all the damages awarded to plaintiff Harvey must be reduced. Defendants first claim that the award of compensatory damages to Harvey should be vacated or remitted to no more than $3,000 because it is "monstrously excessive," bears no rational relation to the evidence presented at trial and is not comparable to awards in other employment discrimination cases.

Defendants claim that the demotion from SPSA to PSA was a technical reclassification that had no real bearing on Harvey's job. This ignores the testimony regarding the greater status, responsibilities and opportunities inherent in the SPSA designation. It also ignores the testimony of Mr. Copley and other SPSA's that they valued their SPSA classification and would be far from indifferent about being relegated to the lower PSA classification. The testimony of former OBRE Commissioner Jack Schaeffer also supported this conclusion.

Defendants next try to downplay Harvey's testimony about the emotional harm he suffered, claiming that "federal courts do not exist to ensure that employees are content in

5

their jobs." However, Harvey testified about the effect that the demotion had on him and the physical problems he suffered as a result of defendants' actions.

Defendants also challenge the back pay ($30,000) awarded by the court to Harvey because they believe it is speculative and without foundation. First, "unrealistic exactitude is not required" in calculating monetary awards in employment discrimination cases. *Shipes v. Trinity Industries*, 987 F.2d 311, 317 (5th Cir. 1993). All that is required is some reasonable basis for the damages award. *See Baker v. Emery Worldwide*, 789 F. Supp. 667, 674 (W.D.Pa. 1991).

Here, we made a reasonable comparison based upon the evidence at trial, comparing Mr. Harvey's salary to that of his counterpart, Mr. Copley. Harvey and Copley worked in jobs performing similar responsibilities and had similar background and experience. The evidence presented at trial justifies the court's back pay award to Harvey.

For these reasons, we deny defendants' motion for a new trial or, in the alternative, remittitur of the awards of the jury. We find that the jury's verdict is not against the weight of the evidence, nor was the trial unfair to the defendants. Moreover, the damages awarded by the jury and the court are not excessive. Therefore, the defendants' motion for a new trial and/or remittitur is denied.

## II. Plaintiffs' Request for Entry of Further Equitable Relief

In their request for further equitable relief, plaintiffs have requested that the court enter certain equitable relief directed toward OBRE generally, including a prohibition against retaliation for persons testifying at trial and/or raising complaints of discrimination, as well as affirmative relief in the form of requiring written responses to claims of discrimination,

monitoring performance reviews and salary levels, posting all job openings and the dissemination of anti-discrimination and anti-retaliation policy to OBRE employees.

As to plaintiffs' request that this court enjoin retaliation against employees who complain of discrimination, there is no basis for the court to take such action. Retaliation for asserting claims of discrimination is already a violation of the law, so an injunction is unnecessary. Moreover, an order of contempt would also result in protracted hearings on claims unrelated to this litigation without the benefit of the orderly administrative process required by Title VII. If any employee believes that he or she has been discriminated or retaliated against, the procedures for redress are already in place.

In sum, we deny plaintiffs' request for further equitable relief. We find that there is nothing in the record to warrant this type of extraordinary relief, and there is no need for the court to retain jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, we deny defendants' motion for a new trial or, in the alternative, remittitur of the awards of the jury and the court (# 162 ). We also deny plaintiffs' request for the entry of further equitable relief (# 133 ).

It is so ordered.

*Wayne R. Andersen*
Wayne R. Andersen
United States District Judge

Dated: *August 22, 2002*