Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5463 | **DATE** | 1/17/2003 |
| **CASE TITLE** | Robinson et al vs. State of Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant in part plaintiffs' motion for attorney's fees and costs [165-1]. We award plaintiffs attorneys fees in the amount of $572,561.50 and costs in the amount of $41,097.17. We grant in part and deny in part defendants' motion for a bill of costs. Costs in the amount of $1,340.00 are awarded in favor of defendants and against plaintiff Brian Robinson. Costs in the amount of $244.35 are awarded in favor of defendants and against plaintiff Dennis Wells.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 185 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN ROBINSON, RALPH KING, )
R. J. HARVEY AND DENNIS WELLS, )
)
Plaintiff, )
) No. 97 C 5463
v. )
) Wayne R. Andersen
STATE OF ILLINOIS OFFICE OF ) District Judge
BANKS AND REAL ESTATE and )
WILLIAM A. DARR, )
COMMISSIONER, )
in his official capacity, )
)
Defendants. )

**DOCKETED**

**JAN 2 3 2003**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of plaintiffs for an award of attorney's fees and costs. Also before the Court is the defendants' motion for a bill of costs. For the following reasons, we grant in part and deny in part plaintiffs motion for an award of attorney's fees and costs. We grant in part and deny in part defendants' motion for a bill of costs.

## BACKGROUND

In this case, four African-American employees of the Office of Banks and Real Estate ("OBRE") alleged that OBRE engaged in a pattern of race discrimination against African-American employees. After a trial, the jury concluded that defendants had intentionally discriminated against plaintiffs R.J. Harvey and Ralph King and awarded them damages. Plaintiff King was awarded $304,170.00 and plaintiff Harvey was awarded $130,000.00. The



court entered judgment in favor of these two plaintiffs. The jury found against another plaintiff, Brian Robinson, and a fourth plaintiff, Dennis Wells, had his claims dismissed by the Court.

I. Plaintiffs' Motion For Attorney's Fees and Costs

Plaintiffs R.J. Harvey and Ralph King have moved for attorneys fees in the amount of $602,346.50 and expenses in the amount of $ 41,097.17 because they prevailed at trial over the defendant OBRE on their claims of race discrimination and retaliation. Defendants dispute plaintiffs' fee and expense amounts.

The Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988, was enacted by Congress to encourage representation of plaintiffs in civil rights cases. The threshold issue in determining whether fees should be awarded is whether a party has attained "prevailing party" status. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff prevails for purposes of Section 1988 when the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 433. A "prevailing party" is entitled to a reasonable attorney's fee. *Id.* In general, the amount of a reasonable attorney's fee in a civil rights case is calculated by multiplying the number of hours reasonably expended by the attorney's hourly rate (the "lodestar" method). *Id.*

In determining whether fees are recoverable, the question is simply "whether [the attorney's] actions were reasonable." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996). Fees are calculated under the statute based upon market rates for the services rendered. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Small v. Richard Wolf Medical Instruments, Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). The market rate for an attorney's services

is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small*, 264 F.3d at 707.

Once a fee applicant comes forward with evidence establishing his rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. *Id.* at 894. The defendant must present evidence establishing "a good reason why a lower rate is essential." *People Who Care*, 90 F.3d at 1313.

In this case, the parties have attempted to resolve their differences, but they disagree on the following issues:

1. Whether plaintiffs are entitled to fees and costs for the claims of co-plaintiffs Brian Robinson and Dennis Wells, neither of whom prevailed at trial, and The Kanhai Farrakhan, who was dismissed from this case before trial for failure to appear for his deposition;

2. Whether plaintiffs are entitled to $ 29,785.00 for drafting and presenting their losing motion for preliminary injunction for plaintiff Harvey;

3. Whether a $ 26,404.75 reduction in fees should be made to the fees claimed by plaintiff Harvey on the time spent concerning the relationship between Harvey and his immediate supervisor, Dea Brennan, because Brennan did not make or recommend his reclassification; and

4. Whether plaintiffs are entitled to an award of fees and expenses to attorney Jean-Baptiste.

A. Fees Related to Wells, Robinson, and Farrakhan

Plaintiffs claim they are entitled to fees for some of the time spent on the claims of the plaintiffs who did not prevail (Wells, Robinson) because a substantial portion of this work provided relevant circumstantial evidence supporting the claims of the prevailing plaintiffs.

3

Plaintiffs claim that they have excluded all time spent exclusively on Farrakhan's claims and are not seeking compensation for this work. Defendants argue that the claims of the plaintiffs who did not prevail are not similarly situated to the prevailing plaintiffs and that there is no connection between any of these cases. Defendants argue that because of this problem, a 50% reduction is necessary to compensate for these unattributed hours. Plaintiffs have offered a lesser reduction of approximately 20%, claiming that about 20% of their time was devoted to the cases of Wells and Robinson.

We find that some of the time spent relating to Robinson and Wells was reasonably undertaken in furtherance of the claims of the prevailing plaintiffs, King and Harvey. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996). For example, Robinson and Wells were in the same line of command reporting to Scott Clarke and their testimony bore on the allegation that the Agency engaged in a pattern and practice of discrimination against African-Americans. However, we recognize that plaintiffs are not entitled to fees performed for work on the cases of plaintiffs who did not prevail. Thus, some percentage of the work of the case should be excluded as attributable to work on the cases of plaintiffs who did not prevail. We believe that plaintiffs' attorneys fees attributable to the non-prevailing plaintiffs is $ 43,680.50. We find that plaintiffs' approximation of the time their attorneys devoted to the cases of the losing plaintiffs, Robinson and Wells, is credible. Therefore, we agree with plaintiffs' reduction of $43,680.50 from the overall fee award and no further reduction is warranted.

B. Harvey's Preliminary Injunction Motion

Defendants have objected to all of plaintiffs' fees relating to Harvey's motion for preliminary injunction, totaling $ 29, 785.00. This motion was filed because Harvey received a

4

written disciplinary warning which contained a phrase that further infractions could lead to discipline up to, and including, discharge. Harvey filed a motion for preliminary injunction to "preserve the status quo" despite defendants' assurances that Harvey was not in danger of discharge and that the phrase was placed in virtually all disciplinary actions.

We agree with defendants and, therefore, deny all fees relating to Harvey's motion for preliminary injunction. This motion was not well grounded in fact and was unsupported by the law governing the requirement for preliminary injunctions. Therefore, we deny plaintiffs' request for fees relating to this motion in the amount of $ 29,785.00.

### C. Harvey's Discrimination In Performance Evaluation Claim

Plaintiff Harvey presented two issues for the jury: whether his reclassification from SPSA to PSA was because of his race, and whether he was discriminated against in his 1996 and 1999 performance evaluations, given to him by his supervisor, Dea Brennan. Defendants argue for a $26,404.75 reduction to plaintiffs' fee request on the basis that plaintiff Harvey did not prevail on his performance evaluation claims involving Dea Brennan. Defendants argue that time spent relating to Dea Brennan should not be compensated since she "was not alleged to have any involvement in the decision to reclassify his position." We disagree.

The evidence revealed that Ms. Brennan was in close contact with Harvey's superiors and co-workers. She almost certainly played a role in setting Harvey's job duties and evaluating his performance. Under the controlling law in this Circuit, a plaintiff is entitled to attorney's fees for unsuccessful claims "when those claims involved a common core of facts or related theories." *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998); *Merriweather v. Family Dollar Stores of Indiana*, 103 F.3d 576, 584 (7th Cir. 1996). Here, Harvey's claims involved a lengthy and

5

complex series of interrelated employment events that led the jury to conclude that his reclassification was discriminatory. Therefore, we reject defendants' request to reduce fees for the time spent working on Harvey's discrimination in performance evaluation claim.

D. Fees to Attorney Jean-Baptiste

Defendants next object to any award of attorney's fees to attorney Jean-Baptiste on the grounds that his participation in the case was unnecessary and that plaintiffs should have proceeded to trial with only two attorneys.

We find that Mr. Jean-Baptiste's participation was reasonable. It does not appear to this court that plaintiffs overstaffed the case. Plaintiffs had three attorneys at trial, compared to four for defendants. Moreover, at virtually all of the depositions, plaintiffs had only one attorney present.

Defendants also claim that Mr. Jean-Baptiste's continued participation in the case was unnecessary because he was handling the claims of a fifth plaintiff, Farrakhan, whose claims were dismissed well before trial. However, it appears that Mr. Jean-Baptiste's participation went beyond work relating to Farrakhan. He prepared witnesses for testimony, worked on evidentiary issues relating to King's claims, put on witnesses relating to Harvey's claims, drafted witness outlines and participated in strategy regarding plaintiffs' claims.

Defendants next argue that Mr. Jean-Baptiste's fees for the time period 1998 through 2000 should be denied because he is unable to locate and produce time records due to a relocation of his law firm. Accordingly, for this period, Mr. Jean-Baptiste made an estimate of the time he spent on the case during this period (75 hours), which he then reduced by a factor of 1/3 in view of his inability to provide supporting time records.

We find that a 1/3 reduction for Mr. Jean-Baptiste's inability to produce time records is reasonable. *See, e.g., Dutchak v. Central States Pension Fund*, 932 F.2d 591, 596-97 (7th Cir. 1991) (10% reduction for the lack of contemporaneous time records). Therefore, we deny defendants' request to deny Mr. Jean-Baptiste's fees for this period.

Defendants next argue that fees should be denied to Mr. Jean-Baptiste because the time sheets he did provide for hours after September 2001 contain "almost no detail about the work he professes to have done on the case prior to and during the trial." We find that Mr. Jean-Baptiste's time sheets are sufficiently detailed to support an award of attorney's fees.

Defendants' final objection regarding the fees of Mr. Jean-Baptiste is that his hourly rate should be reduced from $ 250/hour to $ 200/hour because he graduated from law school in 1990 and is supposedly inexperienced. This rate seems reasonable to the court given the prevailing rates in Chicago. Mr. Jean-Baptiste has over 11 years of experience and his affidavit indicates that the hourly rate he charges clients is $ 250/hour.

For these reasons, we will award fees to compensate Mr. Jean-Baptiste for his work on this case and we reject defendants' request to deny recovery for these fees.

E. <u>Miscellaneous Objections</u>

Defendants object to a law clerk fee for 16 hours spent researching adverse action cases. We find this amount to be reasonable. The concept of adverse action was very important to this case and was argued by defendants as a reason for dismissal of the case. Therefore, the time spent on clerk research was not excessive.

Defendants next object to compensation sought by plaintiffs for the deposition transcripts of Robinson, Wells, Art Appl, Jr., and Craig Volk, Director and Assistant Director, respectively,

of the International Division, in which Robinson worked. Plaintiffs argue that the testimony of these witnesses related to the cases of the winning plaintiffs. We agree. Therefore, recovery for the costs of these deposition transcripts is allowed.

Finally, defendants claim that plaintiffs' photocopying costs should be reduced by 50% because they are billed to the case in general rather than to any particular plaintiff. Plaintiffs have agreed to a 20% reduction, approximating the relative time spent on the claims of Wells and Robinson. We think that plaintiffs position is reasonable. Plaintiffs reduced their their original cost request by, $2,166.80 in light of the 20% reduction. We find that no further reduction is warranted regarding photocopying costs.

II. <u>Defendants' Motion For Bill Of Costs</u>

Defendants have filed a motion for a bill of costs requesting reimbursement of the costs incurred in defending the claims of the unsuccessful plaintiffs. Defendants have requested costs of $3,665.40 against plaintiff Robinson and costs of $ 900.35 against plaintiff Wells. The costs sought from Robinson are court reporter expenses relating to Robinson's deposition, as well as the depositions of witnesses Craig Volk, William Funchion, Art Appl, Jr., Steve Hristakos and Willliam Giachetti. The costs sought from Wells are court reporter expenses relating to Wells' deposition and the deposition of his supervisor, Robert Burke. Defendants claim that these costs were necessary in defending against the claims of plaintiffs Robinson and Wells.

Plaintiffs argue that reimbursement of these costs should be denied because the subject matter of these depositions was part of plaintiffs' overall approach to litigating the plaintiffs' collective claims. Plaintiffs claim that evidence obtained at the depositions in question provided

relevant circumstantial evidence directly bearing on the successful claims of plaintiffs Harvey and King.

We believe that costs for the depositions of persons whose testimony related to the cases of the winning plaintiffs is not recoverable to the defendants in their bill of costs. Therefore, we will deny defendants costs relating to the depositions of Dennis Wells, Art Appl, Jr., Brian Robinson, and Craig Volk, all of whom testified at trial. We will award defendants costs for the depositions of William Funchion, Steve Hristakos, William Giachetti, and Robert Burke, whose deposition testimony related only to the cases of Robinson and Wells.

Thus, we award defendants costs in the amount of $ 1,340.00 against Brian Robinson, and in the amount of $ 244.35 against Dennis Wells.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part plaintiffs' motion for attorney's fees and costs. We award plaintiffs attorneys fees in the amount of $ 572,561.50 and costs in the amount of $ 41,097.17. We grant in part and deny in part defendants' motion for a bill of costs. Costs in the amount of $ 1,340.00 are awarded in favor of defendants and against plaintiff Brian Robinson. Costs in the amount of $ 244.35 are awarded in favor of defendants and against plaintiff Dennis Wells.

Wayne R. Andersen
United States District Judge

Dated: January 17, 2003

9